PATRICK A. POWERS,

*vs.*

EQUITY PICTURES CORPORATION, a corporation of the State of Delaware.

In the Matter of Exceptions to Claim of Clara Kimball Young.

*New Castle, July* 17, 1926.

*William Prickett,* for claimant.

*Caleb S. Layton,* of the firm of Marvel, Layton, Hughes & Morford, for the Receivers.

THE CHANCELLOR. The solicitor for the claimant argues that the sum of $250,000 mentioned in Paragraph IV of the contract is an arbitrary sum fixed by the parties from which the C. K. Y. settlement figure was to be deducted in ascertaining the amount of credit allowable to Miss Young regardless of the number of pictures produced by her.

I cannot read the contract and gather such a meaning from it. The assumption of liability by Equity Pictures Corporation on

account of Miss Young's liability to C. K. Y. Film Corporation and the agreement to give her the advantage of any saving below the maximum of liability in connection with ten pictures, was manifestly an indirect way of agreeing to compensate Miss Young to that extent for her services. It appears to me to have been in substance a withholding of a part of her compensation as indemnity against liability to C. K. Y. Film Corporation to the maximum of $25,000 for one or $250,000 for ten pictures. If anything was saved below this mount in the adjustment with the C. K. Y. Film Corporation, it belongs to Miss Young to the extent of her indebtedness to Equity Pictures Corporation. Now the total sum of $250,000 was reserved on the basis of ten pictures being produced. This in effect being a part of the compensation to Miss Young for her services in producing the ten pictures, it would appear unreasonable to view the lump figure of $250,000 as compensation to her except upon the contingency of the production of the entire ten pictures. To regard it as a rigid sum arbitrarily fixed regardless of the number of pictures produced would be in effect to divorce it from a relationship with services rendered and to ignore the prior paragraphs of the contract where it appears clearly to have been the intent of the parties to allocate each of ten units of $25,000 to each of the ten pictures as they were progressively produced. This being so, it is apparent that when the tenth picture was canceled by mutual consent, Miss Young was not entitled to claim the $25,000 of compensation which her services in producing that picture, had it gone forward, would have entitled her to.

This view of the contract, if sound, disposes adversely of her claim, for on this view the subtrahend from which the settlement price to C. K. Y. Film Corporation was to be deducted instead of being $250,000 was in fact $225,000. If so, no wrong was done to Miss Young. It will be noted that when the lump sum of $250,000 is mentioned in Paragraph IV as the amount of the assumed liability, it is on the assumption that it will arise in connection with ten pictures. There never was any settlement with C. K. Y. Film Corporation and never could have been for any such number of pictures. Only nine were made. The prior pragraphs allocating $25,000 of liability to each picture justifies deducting that amount from the $250,000 later.

This view of the contract, if not clear beyond question, is certainly well within the bounds of reasonable argument and, being so, it certainly was well within the province of the parties to settle between them as correct. If such an agreement as to its meaning was made and a settlement entered into on that basis, it would seem that neither party to the settlement could thereafter come forward and successfully overturn it as plainly erroneous. Miss Young was represented at the settlement by her own agent who, in her enforced absence, was especially designated by her "to settle the matter." This agent did not testify. What considerations entered into the negotiations which resulted in the adjustment is not disclosed. I am not impressed by the fact that in April, 1921, Miss Young was informed by letter that the settlement with C. K. Y. Film Corporation could be effected for $225,000. Because at that time the negotiations with C. K. Y. Film Corporation were concerned with ten pictures, six already produced and four to be produced. A year later, when the settlement was finally made, it was on the basis of one picture's elimination. So far as the testimony discloses, the accredited agent of Miss Young may have been told of the actual settlement with C. K. Y. Film Corporation for $200,000 instead of the $225,000 which had a year prior thereto been mentioned to Miss Young as the settlement figure with C. K. Y. Film Corporation for ten pictures. In the absence of proof to the contrary, I must assume that the true figure was told to Miss Young's settling agent. If so, it was in law told to her, and there can therefore be no ground upon which to base a charge of fraud and misrepresentation.

The exceptions will be sustained. Let an order be prepared accordingly.